**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEO LEWIS, JR.,

        **Petitioner,**

   *- against -*

WILLIAM LEE, Superintendent,

        **Respondent.**

**11CV478 (CS)(LMS)**

**REPORT AND**
**RECOMMENDATION**

**TO: THE HONORABLE CATHY SEIBEL, U.S.D.J.**

On January 11, 2011, Petitioner Leo Lewis, Jr., ("Petitioner"), proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2008 state court convictions for one count of attempted murder in the second degree and two counts of criminal possession of a weapon in the second degree.  Pet., at 1, Docket Entry (herein, "D.E.") 1.[1]  On February 11, 2008, Petitioner had been sentenced to a term of twenty-five years of imprisonment for the crime of attempted murder in the second degree, a term of fifteen years of imprisonment for each count of criminal possession in the second degree, all to run concurrently, and to a term of five years post-release supervision.  Sentencing Transcript (herein, "S"): 22, 25.

Petitioner asserts the following four grounds for habeas relief: (1) the evidence was legally insufficient to support the attempted murder conviction; (2) the government failed to prove Petitioner's guilt of criminal possession of a weapon beyond a reasonable doubt; (3) the prosecutor's comments created substantial prejudice and prohibited Petitioner from receiving a

---

[1] Although the Court provides page numbers, the Petition was not paginated; the Court added page numbers to the hard copy, as the document is not available electronically.

fair trial; and (4) the sentence imposed was harsh and excessive.  Pet., at 4, D.E. 1; see also

Pet'r's Brief, at i-ii & 29-46, D.E. 2.[2]

For the following reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that the instant petition should be dismissed in its entirety.

## BACKGROUND

### I.    The Crime

On May 7, 2007, around 6:00 P.M., Petitioner arrived at the Sloatsburg Justice Court.

Cush Testimony, Trial Transcript (herein, "T"): 767.  Petitioner was in court on a civil matter; he

had filed a small claims action against Sara Bannout seeking recovery of attorney's fees from a

prior criminal action that stemmed from Ms. Bannout's accusations and for which he had been

acquitted.  Newman Testimony, T: 798-99.  When he arrived in the courtroom, he was carrying a

manila envelope that concealed a sawed off shotgun.  Newman Testimony, T: 804; Circelli

Testimony, T: 843; Budnick Testimony, T: 1253; Hatch Testimony, T: 1283.  When the court

clerk called the case and asked the parties to come forward, Petitioner removed the weapon from

the envelope and fired a shot at Ms. Bannout.  Newman Testimony, T: 804; Budnick Testimony,

T: 1253; Hatch Testimony, T: 1283, 1289.  After a brief struggle with Court Officer Circelli,

---

[2] Petitioner's Brief is incorporated into the federal proceedings by reference in the
Petition, Pet., at 4, D.E. 1 ("(brief enclosed) points covered"), and is provided on the docket sheet
at D.E. 2.  This Brief was originally prepared through appointed appellate counsel as the
Petitioner's Brief in support of his direct appeal of the underlying conviction.  Resp't's Ex. B,
D.E. 17.  (Hereinafter, all citations to "Resp't's Ex. ___" refer to exhibits submitted to the Court
in opposition to the instant petition.  Also, Docket Entry 17, although labeled on the docket sheet
as "AFFIDAVIT of Carrie A. Ciganek in Opposition," is actually comprised of the Affidavit,
Respondent's Memorandum of Law in Opposition, and Respondent's Exhibits A-F.)  This Court
will infer from its attachment to the instant Petition that Petitioner intended to reassert the claims
as articulated in the brief.  The grounds listed in the Petition are not verbatim recitations of those
in the brief, compare Pet., at 4, D.E. 1, with Pet'r's Brief, at i-ii, D.E.2, but they track the claims
closely enough to rely on this inference.  See Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)
("We construe complaints filed by pro se litigants liberally and interpret them to raise the
strongest arguments that they suggest.") (quotation marks and citations omitted).

during which the weapon fell to the floor in the back of the courtroom, Petitioner ran from the courtroom with Police Officer Magaletta in pursuit. Circelli Testimony, T: 841-52; Magaletta Testimony, T: 1053. In the hallway outside the courtroom, Petitioner turned toward Magaletta and brandished a black object that appeared to Magaletta to be a weapon; Magaletta fired her weapon at Petitioner, but did not hit him. Magaletta Testimony, T: 1053. Petitioner ran from the courthouse into the parking lot, where Magaletta asked Keith Barclay, a civilian, to stop Petitioner. Id., at 1055. Mr. Barclay grabbed Petitioner, and they both fell to the ground; when Magaletta approached, she was able to secure handcuffs on Petitioner. Id., at 1057. Petitioner was escorted by law enforcement officers first to Good Samaritan Hospital, where he signed a written waiver of his Miranda rights, and then to the Ramapo Police Station, where he signed a statement in which he confessed to the shooting. Budnick Testimony, T: 1228-40, 1243-44; Hatch Testimony, T: 1286-90.

## II.     State Court Procedural History

On May 16, 2007, a Rockland County grand jury charged Petitioner with three crimes related to the events on May 7, 2007: (1) attempted murder in the second degree, N.Y. Penal Law §§ 110.00, 125.25(1); (2) criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03(1)(b); and (3) criminal possession of a weapon in the second degree, N.Y. Penal Law § 265.03(3). See Resp't's Mem. of Law, at 2, D.E. 17; Resp't's Ex. A, D.E. 17.

A jury trial began on November 27, 2007, in the Supreme Court of the State of New York, County of Rockland, Honorable Victor J. Alfieri, Jr., presiding. Resp't's Mem. of Law, at 2, D.E. 17; T: 1. On December 12, 2007, the jury returned its verdict finding Petitioner guilty of one count of attempted murder in the second degree and two counts of criminal possession of a weapon in the second degree. T: 1489-92. A sentencing hearing took place on February 11,

2008, at which Petitioner was sentenced to a determinate term of incarceration of 25 years for

attempted murder in the second degree, two determinate terms of incarceration of 15 years, one

for each count of criminal possession of a weapon in the second degree, all to run concurrently

with one another, and five years of post-release supervision.  S: 22, 25.

On May 27, 2009, Petitioner, through appointed appellate counsel, filed a direct appeal to

the Appellate Division, Second Department, in which he argued the following:

> Point I: The evidence of attempted murder in the second degree was
> legally insufficient and against the weight of the evidence.
> Point II: The prosecution failed to prove appellant's guilt of criminal
> possession of a weapon in the second degree beyond a reasonable
> doubt.
> Point III: The substantial prejudice created by the cumulative effect
> of the prosecutor's comments during his summation deprived the
> appellant of his due process right to a fair trial.
> Point IV: The sentence was harsh and excessive and should be
> reduced and or [sic] modified in the interest of justice.

Resp't's Ex. B, at i-ii, D.E. 17.  The Appellate Division, Second Department, unanimously

affirmed the conviction on April 6, 2010.  People v. Lewis, 72 A.D.3d 705 (2d Dep't 2010).[3]

Petitioner sought leave to appeal to the New York Court of Appeals, first by letter dated April

28, 2010, and subsequently by a letter dated May 6, 2010.  See Amended Letter (Apr. 28, 2010,

letter), D.E. 32; Resp't's Ex. E (May 6, 2010, letter), D.E. 17.  Petitioner's application was denied

on June 9, 2010.  Resp't's Ex. F, D.E. 17.

## DISCUSSION

### I.    Applicable Law

"Habeas review is an extraordinary remedy."  Bousley v. United States, 523 U.S. 614,

621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)).  Before a federal district court may

---

[3] The Decision and Order issued by the Appellate Division, Second Department, is also
available at Resp't's Ex. D, D.E. 17.

review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254.  If a petitioner has met these threshold requirements, a federal district court generally may hear an application for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court must then determine the appropriate standard of review applicable to the petitioner's claim(s) in accordance with § 2254(d).

To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under the AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971).  In the interests of comity and expeditious federal review, "[s]tates should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney Gen. of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982).  The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. § 2254(b)(1), (c):

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he

> [or she] has the right under the law of the State to raise, by any available
> procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The Second Circuit has adopted a two-stage inquiry to determine whether the exhaustion doctrine has been satisfied. See Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). First, the petitioner must have "fairly presented" his or her federal constitutional claim to the appropriate state courts. Picard, 404 U.S. at 275-76. "A claim has been 'fairly presented' if the state courts are apprised of 'both the factual and the legal premises of the claim [the petitioner] asserts in federal court.' " Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191). In other words, the claim must have been presented in a way that is "likely to alert the court to [its] federal nature." Daye, 696 F.2d at 192. The fair presentation requirement is satisfied if the state court brief contains phrases, such as "under the Due Process Clause" or "under the Constitution," that point to the petitioner's reliance on the United States Constitution as his or her legal basis for relief. Klein, 667 F.2d at 282 (internal citations omitted). A claim may be considered "fairly presented" even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his or her claim before the state court, did one of the following: (1) relied on pertinent federal cases that employ constitutional analysis, (2) relied on pertinent state cases that apply constitutional analysis in like fact situations, (3) asserted his or her claim in terms so particular as to call to mind specific constitutionally-protected rights; or (4) alleged a fact pattern that falls within the mainstream of constitutional litigation. See Daye, 696 F.2d at 194; Irving v. Reid, 624 F. Supp. 787, 789 (S.D.N.Y. 1985).

Second, having fairly presented his or her federal constitutional claim to the appropriate state court and having been denied relief, the petitioner must appeal his or her conviction to the highest state court. Klein, 667 F.2d at 282. Where a petitioner fails to present his or her federal

constitutional claim to the highest state court, the claim cannot be considered exhausted. Id. (citing Williams v. Greco, 442 F. Supp. 831, 833 (S.D.N.Y. 1977)). There is, however, another avenue available for exhaustion purposes. A petitioner who has failed to exhaust state remedies by pursuing a direct appeal may satisfy the exhaustion requirement by utilizing available state methods for collaterally attacking his or her state conviction. See id.; see also Johnson v. Metz, 609 F.2d 1052, 1055-56 (2d Cir. 1979) (instructing habeas petitioner who did not fairly present claim in the course of his direct appeals in New York state courts to proceed by filing a motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10). If collateral relief is denied, the petitioner may satisfy the exhaustion requirement by employing the state appellate procedures available for review of such denial. Klein, 667 F.2d at 282-83. A petitioner "need not have invoked every possible avenue of state court review." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Instead, a petitioner must give the state courts "one full opportunity" to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A habeas petitioner who fails to meet a state's requirements to exhaust a claim will be barred from asserting that claim in federal court unless he or she can demonstrate cause and prejudice or a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

"For exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) (quotations and citations omitted). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." Grey v. Hoke, 933 F.2d 117, 2120 (2d Cir. 1991). The federal habeas court may then "deem the claims to be exhausted, rather than requiring the

petitioner to go through the futile process of seeking further state review." Kalu v. New York, 08 Civ. 4984 (NGG)(RLM), 2009 WL 7063100, at *7 (E.D.N.Y. Sept. 15, 2009)[4] report and recommendation adopted sub nom., Ndukwe v. New York, 08 Civ. 4984 (NGG), 2010 WL 4386680 (E.D.N.Y. Oct. 28, 2010); see also Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).  However, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," Coleman, 501 U.S. at 750, the petitioner's claim will remain unreviewable by a federal court.  See Aparicio, 269 F.3d at 90; Grey, 933 F.2d at 120.

Even where a timely and exhausted habeas claim is raised, comity and federalism demand that a federal court abstain from its review when the last-reasoned state court opinion to address the claim relied upon an "adequate and independent finding of a procedural default" to deny it.  Harris, 489 U.S. at 262; see also Coleman, 501 U.S. at 730; Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995).  A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006) (citing Coleman, 501 U.S. at 740).  A decision will be "adequate" if it is " 'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Provided a claim meets all procedural requirements, the federal court must apply AEDPA's deferential standard of review when a state court has decided a claim on the merits. See Torres v. Berbary, 340 F.3d 63, 68 (2d Cir. 2003).  Under AEDPA,

---

[4] In the spirit of Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009), copies of all unpublished decisions cited herein have been provided to Petitioner by the Court.

> [a]n application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the merits
> in State court proceedings unless the adjudication of the claim--(1)
> resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or (2)
> resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.' " Torres, 340 F.3d at 68 (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

"[A]n unreasonable application of clearly established Supreme Court precedent occurs when a state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Torres, 340 F.3d at 68 (internal quotation marks and citation omitted). The federal court must determine whether the state court's application of clearly established federal law was objectively unreasonable. Id. at 68-69 (citation omitted). In the Second Circuit, "the objectively unreasonable standard of § 2254(d)(1) means that the petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Id. (internal quotation marks and citations omitted).

Under the second prong of § 2254(d), the factual findings of state courts are presumed to be correct. Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997). The petitioner must rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II.     **Petitioner's Claims for Habeas Relief**

    A.     **Evidence of Attempted Murder in the Second Degree was Legally**

         **Insufficient, and Judgment Was Against the Weight of the Evidence**

      Petitioner's first point actually presents two distinct claims: first, that the evidence

presented in support of the charge of attempted murder in the second degree was legally

insufficient, and second, that the Petitioner's conviction for attempted murder was against the

weight of the evidence.[5]  Pet., at 4, D.E. 1; Pet'r's Brief, at 29-35, D.E. 2.[6]  The availability of

federal habeas relief differs for these two claims.

      The second claim is not cognizable on habeas review.  "A federal habeas court cannot

address 'weight of the evidence' claims because a challenge to a verdict based on the weight of

the evidence is different from one based on the sufficiency of the evidence.  Specifically, the

'weight of the evidence' argument is a pure state law claim whereas a legal sufficiency claim is

based on federal due process principles."  Douglas v. Portuondo, 232 F.Supp.2d 106, 116

(S.D.N.Y. 2002) (quotation marks and citations omitted); see also Garbez v. Greiner,

01 Civ. 9865 (LAK)(GWG), 2002 WL 1760960, at *8 (S.D.N.Y. July 30, 2002).  Therefore, in

making a "weight of the evidence" argument, Petitioner does not assert a federal claim as

required by 28 U.S.C. § 2254(a).  I therefore recommend that to the extent Petitioner's claim is

based on a "weight of the evidence" argument, it should be denied as unreviewable by a federal

---

     [5] This claim was exhausted in the state courts, as it was included in Petitioner's direct appeal of the judgment, Resp't's Ex. B, at 29-35, and was reasserted in his May 6, 2010, letter to the New York Court of Appeals, in which he sought leave to appeal the decision of the Appellate Division, Second Department.  Resp't's Ex. E, at 2.

     [6] The Petition only refers to "insufficient [sic] evidence" as a basis for the claim related to the attempted murder conviction, Pet., at 4, D.E. 1.  However, as discussed supra note 2, the Petition is interpreted to raise those arguments as presented in the attached Brief as well, and the Petitioner's Brief incorporates a "weight of the evidence" claim as part of this argument.  See Pet'r's Brief, at 29-35, D.E. 2.

habeas court.  See Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

The first claim, that the evidence in support of the verdict is legally insufficient, is cognizable on habeas review.  See Jackson v. Virginia, 443 U.S. 307, 324 (1979).  However, because this claim was decided by the state court in the first instance on adequate and independent state grounds, this claim should also be dismissed.

The Appellate Division, Second Department, in affirming the underlying conviction, stated the following:

> The [Petitioner's] contention that the evidence was legally insufficient to support his conviction of attempted murder in the second degree is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal of that charge based upon the People's alleged failure to make out a prima facie case.  In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish his guilt of attempted murder in the second degree . . . beyond a reasonable doubt.

People v. Lewis, 72 A.D.3d 705, 706 (2d Dep't 2010) (citations omitted).  In support of the conclusion that the claim was unpreserved, the court cited state statute, N.Y. Crim. Proc. Law § 470.05(2), which is referred to as New York's "contemporaneous objection" or "preservation" rule.  See Grant v. Bradt, 10 Civ. 0394 (RJS)(PED), 2011 WL 8897634, at *7 (S.D.N.Y. July 8, 2011) report and recommendation adopted, 10 Civ. 0394 (RJS), 2012 WL 3764548 (S.D.N.Y. Aug. 30, 2012).  This rule requires defense counsel to make a contemporaneous objection to any alleged legal error committed during a criminal trial.  Id.; N.Y. Crim. Proc. Law § 470.05(2).  Failure to comply with this rule constitutes an independent and adequate state ground that may

preclude federal habeas review.  See Brown v. Ercole, 353 Fed. Appx. 518, 520 (2d Cir. 2009);

Garcia v. Lewis, 188 F.3d at 77-78.

The Appellate Division found this claim to be unpreserved pursuant to N.Y. Crim. Proc.

Law § 470.05(2), an adequate and independent state ground, and as a result, this Court may not

review the claim unless Petitioner is able to demonstrate cause and prejudice for his procedural

default or that failure to consider the claim will result in a fundamental miscarriage of justice.[7]

Coleman, 501 U.S. at 729, 750.  In the instant case, Petitioner has made no such showing of

cause, instead only attaching the brief originally submitted on direct appeal without explanation

for the default in the first instance, and there is no basis to conclude that a fundamental

miscarriage of justice would result in the absence of federal review.  Therefore, I recommend

that this claim should be denied as procedurally defaulted.

**B.**  **Guilt of Criminal Possession of a Weapon in the Second Degree was Not**
     **Proven Beyond a Reasonable Doubt**

Petitioner's second point may also be construed as containing two claims: first, that the

prosecution failed to prove his guilt of criminal possession of a weapon in the second degree

beyond a reasonable doubt, and second, that the guilty verdict for these criminal possession

---

[7] The fact that the Appellate Division followed its finding of the procedural bar with a ruling on the merits is irrelevant to this conclusion.  See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) ("[F]ederal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim"); Colon v. Artuz, 174 F. Supp. 2d 108, 115-16 (S.D.N.Y. 2001) (finding that where a state court decision denied a claim as unpreserved and "in any event" without merit, federal habeas review was precluded).

offenses was against the weight of the evidence.[8] Pet'r's Brief, at 36-38, D.E. 2.[9]  With regard to

the second claim, as discussed supra pp. 10-11, a "weight of the evidence" claim is not

cognizable for federal review, see Douglas, 232 F.Supp.2d at 116, and therefore, to the extent

that Petitioner asserts such a claim with regard to the weapons possession convictions, it should

be denied as unreviewable. See Estelle, 502 U.S. at 68.  As to the first claim, regarding the legal

sufficiency of the verdict, because the state court evaluated this claim on the merits, People v.

Lewis, 72 A.D.3d at 705, the appropriate standard of review is that of 28 U.S.C. § 2254(d)(1).

As the state court's denial of this claim is not contrary to, or an unreasonable application of,

Supreme Court precedent, I recommend that this claim be denied on the merits.

Petitioner argues that the prosecution failed to prove his guilt for the weapon possession

offenses beyond a reasonable doubt because "the evidence was so conflicting that the gun found

could not be proved to be the gun that fired the shot," and therefore, Petitioner "was convicted of

possessing a gun, which he may never have possessed." Pet'r's Brief, at 36-38, D.E. 2.

Respondent contends that "[u]nder AEDPA's standard of review, [P]etitioner's claim must fail

because the Appellate Division adjudicated the claim on the merits in a manner consistent with

---

[8] This claim was exhausted in the state courts, as it was included in Petitioner's direct appeal of the judgment, Resp't's Ex. B, at 36-38, and was reasserted in his May 6, 2010, letter to the New York Court of Appeals, in which he sought leave to appeal the decision of the Appellate Division, Second Department.  Resp't's Ex. E, at 2.

[9] The second ground listed in the Petition is simply stated as "Possesion [sic] of Weapon (Chain of Eveidince [sic] Not Followed)."  Pet., at 4, D.E. 1.  The argument as presented in the Petition alone does not seem to raise a federally cognizable claim.  See Jones v. Artuz, 00 Civ. 5519 (JSM), 2001 WL 274326, at *2 (S.D.N.Y. Mar. 20, 2001) ("Petitioner's claim that the trial judge improperly admitted [specific evidence], which Petitioner claims suffered from [ ] a chain-of-custody problem, does not present a federal constitutional issue that may be reviewed in a habeas corpus proceeding.  State court evidentiary rulings implicate federal constitutional law only where they infringe on a particular constitutional right of the petitioner.").  However, as discussed supra notes 2 and 6, the Petition is interpreted also to raise the arguments presented in the attached Brief.  Therefore, this Court will instead focus on the argument as presented in point two of Petitioner's Brief.  See Pet'r's Brief, at 36-38, D.E. 2.

federal constitutional law and 28 U.S.C. § 2254(d), when it ruled that . . . the evidence was legally sufficient to establish [P]etitioner's guilt." Resp't's Mem. of Law, at 19-21, D.E. 17. The Appellate Division, Second Department, affirmed the underlying conviction, and, reaching the merits of this issue, stated

> [W]e find that it was legally sufficient to establish his guilt of . . . both counts of criminal possession of a weapon in the second degree beyond a reasonable doubt. . . . Upon reviewing the record here, we are satisfied that the verdict of guilt of . . . both counts of criminal possession of a weapon in the second degree was not against the weight of the evidence. . . . [T]he evidence established that the gun that the defendant fired was recovered by the police, and that what the defendant contends was a second gun was the plastic handle of the gun that was recovered.

People v. Lewis, 72 A.D.3d at 705-06 (citations omitted).

Generally, whether there was sufficient proof to convict a person of a crime pursuant to state law is a state issue. United States ex rel. Jenkins v. Hon. H. W. Follette, 257 F.Supp. 533, 534 (S.D.N.Y. 1965) (citing Grundler v. State of North Carolina, 283 F.2d 798, 801 (4th Cir. 1960)). Because issues involving the sufficiency of evidence are state issues, they "[do] not rise to constitutional dimensions." United States ex rel. Griffin v. Martin, 409 F.2d 1300, 1302 (2d Cir. 1969). Evidentiary deficiencies can, however, rise to such a level as to create a due process issue under the Fourteenth Amendment. Follette, 257 F.Supp. at 534; Grundler, 283 F.2d at 801. It is then that a state prisoner can seek relief from the federal courts through a habeas corpus petition. Id. "The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Parker v. Matthews, 132 S.Ct. 2148, 2152 (2012) (quoting Jackson, 443 U.S. at 319) (emphasis in the original). Therefore, in the context of a habeas proceeding, a federal court may not overturn a

state court decision rejecting a prisoner's sufficiency argument unless the "decision was objectively unreasonable." Cavazos v. Smith, 132 S.Ct. 2, 4 (2011) (quotations and citations omitted).

In evaluating such a claim, a reviewing federal court is required to "consider the evidence in the light most favorable to the prosecution and make all inferences in its favor." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000); see also Jackson, 443 U.S. at 319. The reviewing court is not required to determine whether it in fact believes that the evidence introduced at trial established guilt beyond a reasonable doubt, Jackson, 443 U.S. at 318-19, because "the resolution of issues of credibility is exclusively the province of the jury." United States v. Shulman, 624 F.2d 384, 388 (2d Cir. 1980). "It is also not enough for a petitioner to show that the evidence had inconsistencies." Butler v. Heath, 12 Civ. 3327 (SAS)(DF), 2015 WL 3403926, at *13 (S.D.N.Y. Feb. 18, 2015) report and recommendation adopted, 12 Civ. 3327 (SAS), 2015 WL 3403926 (S.D.N.Y. May 22, 2015) (citing United States v. Lewis, 423 F. App'x 79, 80 (2d Cir.2011)). "[A] reviewing court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." McDaniel v. Brown, 558 U.S. 120, 133 (2010) (internal quotation marks and citation omitted). Finally, "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction." United States v. Danzey, 594 F.2d 905, 916 (2d Cir. 1979), cert denied, 441 U.S. 951 (1979).

For a sufficiency of the evidence claim relating to a state court conviction, "[a] federal court must look to state law to determine the elements of the crime." Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999) (citing Green v. Abrams, 984 F.2d 41, 44-45 (2d Cir. 1993)). In

the instant case, as noted supra p. 3, Petitioner was convicted of two counts of criminal possession of a weapon in the second degree (in addition to attempted murder, noted supra p. 3 and discussed supra pp. 10-12), and each count was based on a separate subsection of the statute—N.Y. Penal Law §§ 265.03(1)(b) and 265.03(3).[10] The elements to prove each count differ slightly from one another. Under N.Y. Penal Law § 260.03(1)(b), "[a] person is guilty of criminal possession of a weapon in the second degree under when with intent to use the same unlawfully against another, such person possesses a loaded firearm." Under N.Y. Penal Law § 265.03(3), a person is guilty of the offense when "such person possesses any loaded firearm" outside such person's home or place of business.

In the instant case, the trial record provides overwhelming evidence of Petitioner's guilt. There was extensive eyewitness testimony. See, e.g., Cush Testimony, T: 768 ("I saw Mr. Lewis in the back with a gun in his hand."); Newman Testimony, T: 804 ("I see Mr. Lewis standing up and he has got a Manila envelope in his hand. I see him pull out what I thought to be a gun. I see him point the gun straightforward; I hear a shot."); Circelli Testimony, T: 850 ("I saw [Lewis] had a gun in his hand . . . ."); R. Ferziger Testimony, T: 897 ("I see a gun being held by Mr. Lewis . . . ."); Van Dunk Testimony, T: 983 ("That's when I saw Leo Lewis with a gun."); Magaletta Testimony, T: 1051 (describing the sound of a "loud pop," which she "perceived as a gunshot"); Id., at 1052 ("I saw [Lewis] holding a black type handgun in his hand pointing it in the direction of where the four people were seated prior to the gunshot going off."). A firearms

---

[10] Petitioner's Brief only lists the elements as provided in § 265.03(3), Pet'r's Brief, at 36, D.E. 2, and seems to ignore the other subsection under which he was convicted. However, Petitioner seems to argue that the government did not prove possession of the firearm in the first instance, which is a predicate element for both subsections as discussed infra p. 16. Therefore, even though Petitioner describes only one of the two counts of criminal possession of a weapon, this Court will consider the Petition to be challenging both counts.

expert testified that the gun was loaded when it was recovered at the scene. Read Testimony, T: 1126 (describing the condition of the gun recovered at the scene and noting that it was loaded).

In addition, Petitioner confessed to two police officers who interviewed him after the incident. Budnick Testimony, T: 1247 ("[My partner and I] asked [Lewis] about what happened in the courtroom. [Lewis] said he pulled the gun out and he shot at her."); Hatch Testimony, T: 1283 ("[Lewis] said he was in the back row of the courtroom, when everyone stood up, . . . at that point he took the gun out of the envelope and he fired a shot at Ms. Bannout."). Following the interview, the officers prepared a written statement on Petitioner's behalf, which Petitioner signed, Hatch Testimony, T: 1285-86; this statement was also introduced into evidence. Id., at 1287. In the statement, Petitioner affirmed: "When I saw the people stand up, I took the gun out and I fired a shot at Sara." Id. at 1289.

In sum, the eyewitnesses' testimony along with the ballistics evidence and Petitioner's own inculpatory statements provide proof beyond a reasonable doubt that Petitioner possessed a loaded firearm outside his home or business with the intent to use it against another person. To the extent Petitioner's argument is based on the premise that there was conflicting testimony indicating "that there may have been two different guns," Pet'r's Brief, at 37, D.E. 2, this Court "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." McDaniel, 558 U.S. at 133. Although Petitioner claims that Magaletta's testimony proves the existence of a second weapon, the record does not require that conclusion. Compare Magaletta Testimony, T: 1095 ("Mr. Lewis had what appeared to be a gun in the hallway.") with Read Testimony, T: 1124, 1141-48 (describing a black cylindrical object found in the hallway, which appeared to have been originally attached to the weapon recovered

from the courtroom). In the context of the entire trial record, it is more than reasonable to believe that the jury reconciled any possible inconsistencies in favor of the prosecution.

Viewing the evidence in the light most favorable to the prosecution, I conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Petitioner committed these crimes, and I therefore recommend this claim should be denied.

### C.   Substantial Prejudice Created by Prosecutor's Comments During Summation Deprived Petitioner of His Due Process Right to a Fair Trial

Petitioner argues that the Prosecutor's "improper prejudicial remarks in summation deprived the Appellant of a fair trial."[11] Pet'r's Brief, at 39-41, D.E. 2. He specifically points to the Prosecutor's comments that suggested defense counsel was misleading the jury, that mischaracterized testimony regarding Petitioner's statement, and that misstated facts. Id., at 40, D.E. 2. Respondent contends that Petitioner has procedurally defaulted on this claim, or in the alternative, that this claim is without merit. Resp't's Mem. of Law, at 22-27, D.E. 17. When Petitioner raised this claim on direct appeal, the Appellate Division, Second Department, denied it and stated the following

> With respect to the defendant's contention that certain comments made by the prosecutor during his summation were improper and deprived him of a fair trial, the trial court's sustaining of the defendant's objections must be deemed to have cured any prejudice, as the defendant failed to timely move for a mistrial. In any event, the prosecutor's comments "were not so egregious" or "so flagrant or pervasive" as to deprive the defendant of a fair trial.

People v. Lewis, 72 A.D.3d at 705 (citations omitted).

---

[11] This claim was exhausted in the state courts, as it was included in Petitioner's direct appeal of the judgment, Resp't's Ex. B, at 39-41, and was reasserted in his May 6, 2010, letter to the New York Court of Appeals, in which he sought leave to appeal the decision of the Appellate Division, Second Department. Resp't's Ex. E, at 2.

The first basis on which the Appellate Division denied this claim creates an independent and adequate state ground for denial of a claim, and therefore precludes a federal court from considering the matter on habeas review.[12]   See Charlemagne v. Goord, 05 Civ. 9890 (DAB)(HBP), 2008 WL 2971768, at *6-7 (S.D.N.Y. June 30, 2008) report and recommendation adopted, 05 Civ. 9890 (DAB), 2011 WL 2150646 (S.D.N.Y. May 31, 2011) (finding that where defense counsel failed to request a curative instruction or move for a mistrial after the trial court sustained his objections, Petitioner did not properly preserve the claim and was procedurally defaulted from seeking federal review of the claim); Simpson v. Portuondo, 01 Civ. 1379 (BSJ)(AJP), 2001 WL 830946, at *11 (S.D.N.Y. July 12, 2001) ("Under New York law, in order to preserve his claims for appellate review, [the petitioner] was required to raise his challenges to the prosecutor's alleged errors in summation by way of specific objections before the trial court, and, if his objections were sustained, seek further relief.").  Because Petitioner has provided neither proof of the cause for the procedural default nor any prejudice attributable thereto, nor has he demonstrated that a fundamental miscarriage of justice would occur absent federal review, I recommend that this claim should be dismissed.

**D.    Sentence was Harsh and Excessive**

Petitioner argues that his sentence "is unnecessarily retributive and extremely harsh and excessive in view of his circumstances." Pet'r's Brief, at 42-45, D.E. 2.  Respondent contends that this claim is "not cognizable on federal habeas review, nor was [Petitioner's] sentence disproportionate to the violent nature of [the] crime." Resp't's Mem. of Law, at 28-29, D.E. 17. When raised on direct appeal, the Appellate Division, Second Department, summarily denied

---

[12] As discussed supra note 7, the fact that the Appellate Division followed its finding of the procedural bar with a ruling on the merits is irrelevant to this conclusion.  See Velasquez, 898 F.2d at 9; Colon, 174 F. Supp. 2d at 115-16.

this claim, stating that "[t]he sentence imposed was not excessive." <u>People v. Lewis</u>, 72 A.D.3d

at 705 (citations omitted).  For the following reasons, I recommend that this claim be denied.

It is not entirely clear whether or not this claim has been fully exhausted in the state

courts.  Petitioner's appellate counsel submitted two letters to the New York Court of Appeals

seeking review of the Decision and Order by the Appellate Division, Second Department,

denying Petitioner's appeal.  In the first letter, dated April 28, 2010, and addressed to Chief

Judge Jonathan Lippman, appellate counsel wrote

> [T]his office hereby makes an application for a Certificate granting
> permission to appeal in the case of Leo Lewis. . . . This application
> seeks review of the judgment affirmed by the Appellate Division,
> Second Department.   Accordingly,  enclosed  are  copies  of  the
> Decision  and  Order  of  the  Appellate  Division,  Second
> Department. . . .  I am also enclosing copies of the Respondent's
> brief and Appellant's brief on appeal.

Amended Letter (Apr. 28, 2010, letter), D.E. 32.  In a subsequent letter, dated May 6, 2010, and

addressed to Associate Judge Robert S. Smith, to whom this appeal application was assigned,

Petitioner wrote

> Please accept this follow-up letter as Appellant's application for
> leave to appeal to this Court in the above-captioned case. . . .
>      Granting leave to this court will permit review of the
> following significant issues of law: the evidence of attempted
> murder was legally insufficient; the prosecution failed to prove
> criminal possession of a weapon beyond a reasonable doubt; and
> Appellant's due process right to a fair trial was denied because of the
> substantial prejudice created by the prosecutor's summation.
>      The issues to be raised before this Court were partially
> preserved at trial and were fully raised in Appellant's brief in Points
> I, II and III.

Resp't's Ex. E (May 6, 2010, letter), D.E. 17.

Had Petitioner sent only the first letter with his appellate brief attached, that may have

served to exhaust all four claims to the highest available state court as required under <u>Klein</u>.  <u>See</u>

Galdamez, 394 F.3d at 75-76 (finding that the New York Court of Appeals would construe the petitioner's application as a request for review of all the issues outlined in the brief when the petitioner "did not specify particular claims in his application for leave to appeal, but simply enclosed a copy of the Appellate Division's decision affirming the conviction" and later enclosed the appellate briefs in a second letter).  However, Petitioner sent a second letter, which explicitly requested review of only three of the four claims.  Resp't's Ex. E (May 6, 2010, letter), D.E. 17. Therefore, the fourth and final claim was not fairly presented to the Court of Appeals.  See Jordan v. Lefevre, 206 F.3d 196, 198-99 (2d Cir. 2000) ("We conclude . . . that arguing one claim in his letter while attaching an appellate brief without explicitly alerting the state court to each claim raised does not fairly present such claims for purposes of the exhaustion requirement underlying federal habeas jurisdiction. . . . Had [the petitioner] more clearly stated that he was pressing all of the claims raised in the attached brief, or had his letter made no argument in detail but rather only requested that the Court of Appeals consider and review all issues outlined in [the] brief, the . . . remaining claims would have been fairly presented."); Ramirez v. Attorney Gen. of State of New York, 280 F.3d 87, 97 (2d Cir. 2001); Kirby v. Senkowski, 141 F. Supp. 2d 383, 392-93 (S.D.N.Y. 2001) aff'd, 61 F. App'x 765 (2d Cir. 2003).  "Any claim for which leave to appeal to the Court of Appeals has not been sought is procedurally forfeited: the failure to raise issues before the Court of Appeals precludes further consideration in the New York courts because the petitioner has already made the one request for leave to appeal to which he is entitled."  Marshall v. McLaughlin, 04 Civ. 10154 (LTS), 2007 WL 2438380, at *8 (S.D.N.Y. Aug. 24, 2007) (quotations and citations omitted).  Therefore, this claim should be denied.

    In the alternative, should Your Honor find this claim to have been fairly presented to the Court of Appeals and therefore properly exhausted, it should still be denied as it does not assert a

claim that is cognizable for federal review. The Supreme Court has generally held that "the Eighth Amendment contains no proportionality guarantee" with regard to the length of prison sentences as applied to adult offenders. See Harmelin v. Michigan, 501 U.S. 957, 965 (1991). This is because "the Eighth Amendment leaves the unavoidably moral question of who 'deserves' a particular nonprohibited method of punishment to the judgment of the legislatures that authorize the penalty, the prosecutors who seek it, and the judges and juries that impose it under circumstances they deem appropriate." Graham v. Florida, 560 U.S. 48, 101 (2010) (Thomas, J., dissenting). Accordingly, there is no federal constitutional issue presented when an imposed sentence is within the range required by state law. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also McCall v. Rivera, 965 F. Supp. 2d 311, 335 (S.D.N.Y. 2013).

Following the jury's verdict of guilt, the Supreme Court imposed a term of twenty-five years of imprisonment for the crime of attempted murder in the second degree, a term of fifteen years of imprisonment for each count of criminal possession in the second degree, all to run concurrently, and a term of five years post-release supervision. S: 22, 25. Petitioner does not challenge this sentence as being outside of the appropriate state-required range. Pet'r's Brief, at 42-45, D.E. 2. Attempted murder in the second degree is a class A-I felony, N.Y. Penal Law §§ 110.00, 125.25, which is defined as a class B violent felony offense. Id. § 70.02(1)(a). The statutory term of imprisonment for a class B violent felony offense "must be at least five years and must not exceed twenty-five years." Id. § 70.02(3)(a). Therefore, this sentence falls within the range prescribed by state law. Petitioner thus fails to raise a constitutional issue, and this claim is not a basis for habeas relief. I therefore respectfully recommend that this claim be denied.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Petition should be dismissed in its entirety. As the Petition presents no questions of substance for review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue. Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979). I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Cathy Seibel, at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: *June 29*, 2015
     White Plains, NY

                                    Respectfully submitted,

                                    Lisa Margaret Smith
                                    United States Magistrate Judge
                                    Southern District of New York

A copy of the foregoing Report and Recommendation has been mailed to the Plaintiff.