UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
LEO LEWIS, JR.,

                               Petitioner,

             - against -

WILLIAM A. LEE, Superintendent,

                             Respondent.
----------------------------------------------------------------------x

11-CV-478 (CS) (LMS)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Seibel, J.

      Before the Court are Petitioner Leo Lewis, Jr.'s Objections, filed August 31, 2015, (Doc. 40), to the Report and Recommendation ("R&R") of United States Magistrate Judge Lisa Margaret Smith, dated June 29, 2015, (Doc. 33), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 1).  Familiarity with prior proceedings, the R&R, the issues presented and the applicable legal standards is presumed.

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1).  A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The district court may adopt those portions of a report and

recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).  In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *DiPilato v. 7-Eleven*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (internal quotation marks omitted); *accord  McAllan v. Von Essen*, 517 F.Supp.2d 672, 679 (S.D.N.Y.2007) ("If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (internal quotation marks omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest."  *DiPilato,* 662 F. Supp. 2d at 340 (internal quotation marks omitted).  "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  *Id.* (internal quotations marks omitted).

Petitioner's objections (which consist largely a procedural recital and copies of documents from his state case) are not directed to any specific portion of the R&R.[1] Accordingly, I review the R&R for clear error, and find none.[2]

Conclusion

I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to terminate Doc. 43 and close the case.

**SO ORDERED.**

Dated: September 29, 2015
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[1]Petitioner was given several extensions of time to file his objections, (Docs. 34, 36, 39), and was informed that no submissions filed after September 18, 2015, would be accepted, (Doc. 39.) By letter dated September 21, 2015, Petitioner suggested that a Mr. Stein (apparently a prison employee or inmate) had prepared additional papers to send to the Court. (Doc. 42; *see* Doc. 43.) No such papers have been received. Petitioner's September 21, 2015 letter also states that Respondent omitted one witness's testimony from the transcripts provided to Petitioner. If true, this omission is unfortunate, but Petitioner has not explained why he would need that transcript to respond to the R&R, and no such need is apparent.

[2]I note that even if Petitioner's third claim were not procedurally barred, it would fail on the merits because the challenged remarks do not rise to the level sufficient to violate due process, *see Darden v. Wainwright*, 477 U.S. 168, 181-83 (1986), nor did the Appellate Division's conclusion to that effect misapply federal law.